# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN WOODS, | 3:06-CV-0189-LRH (VPC) |
| Plaintiff, | |
| vs. | **ORDER** |
| TRUCKEE MEADOWS WATER AUTHORITY, | |
| Defendant. | |
| TRUCKEE MEADOWS WATER AUTHORITY, | |
| Third-party plaintiff, | |
| vs. | |
| LOCAL UNION 1245 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | |
| Third-party defendant. | |

Before the court is the motion of third-party defendant, International Brotherhood of Electrical Workers Local 1245 ("Union"), for sanctions (#46) and the declaration of Eleanor Morton in support of the motion for sanctions (#47). Third-party plaintiff, Truckee Meadows Water Authority ("TMWA"), opposed (#48), and the Union replied (#50). The District Court referred this motion to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) (#49). On July 6, 2007, this court heard oral argument on the motion. The court has thoroughly reviewed the record, and for the reasons set forth herein, grants the Union's motion pursuant to 28 U.S.C. § 1927.

I. **Procedural History**

On April 6, 2006, plaintiff in the underlying action filed a complaint against TMWA, alleging breach of contract, breach of covenant of good faith and fair dealing and intentional infliction of emotional distress (#1). Plaintiff's claims arose from his membership in Local 1245 and as an employee of TMWA. *Id.* It is undisputed that TMWA is "a public entity operating in the State of Nevada" and is a "public utilities division which provide[s] water resources and support for the region." *Id.* Local 1245 is a labor organization and represents TMWA's employees (#20), and TMWA and Local 1245 are parties to a collective bargaining agreement (#1).

The only basis for subject matter jurisdiction alleged in plaintiff's complaint is 29 U.S.C. § 185, Section 301 of the Labor Management Relations Act ("LMRA") (#1).  Section 301 creates federal subject matter jurisdiction over suits against *non-governmental* employers and unions for breach of a collective bargaining agreement.  29 U.S.C. § 185; *see also* 29 U.S.C. §§ 142(3), 152(2) (emphasis supplied). TMWA initially moved to dismiss plaintiff's complaint on several grounds (#7), but did not challenge plaintiff's complaint based upon lack of subject matter jurisdiction, even though it was undisputed that TMWA is a political subdivision of the state. The District Court denied TMWA's motion to dismiss without addressing subject matter jurisdiction, since it was not raised (#14).

Thereafter, the Union's counsel received TMWA's unfiled answer and third-party complaint against the Union (#47, para. 2). In response, the Union's counsel sent a March 1, 2007 letter to TMWA's counsel outlining the reasons why TMWA's claims against the Union were improper and why the court lacked jurisdiction over the action pursuant to Section 301 of the LMRA. *Id.,* Ex. A. The Union's counsel advised that "the United States District Court has no jurisdiction to hear claims challenging IBEW Local 1245's representational activities with regard to an employee of a entity like TMWA, which is a political subdivision of the State of Nevada." *Id.* (citations omitted). The Union then added a footnote concerning this court's lack of subject matter jurisdiction to hear claims against TMWA:

> For the same reason, the United States District Court has no subject matter jurisdiction to hear the claims against TMWA either. Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, is

> the only cited basis for federal jurisdiction in the Complaint. *See* Complaint ¶ 1. However, § 301 excludes from its grant of jurisdiction claims against political subdivisions of a state. 9 U.S.C. § 152(2) (excluding from the definition of "employer" "any State or political subdivision thereof"); 29 U.S.C. 142(3) (stating that the definitions in sec 152 apply to all of Chapter 7 of title 29, which includes § 301 of the LMRA); *Ayres v. Int'l. Bhd. Of Elec. Workers,* 666 F.2d 441, 442-43 (9th Cir. 1982) ("We hold that section 301(a) of the Act, 29 U.S.C. § 185(a), does not grant this court jurisdiction over the claims of an individual employed by a political subdivision of a state."); *Moir v. Greater Cleveland Reg'l. Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990) (affirming dismissal of § 301 claims against public employer for lack of jurisdiction); *Manfredi v. Hazleton City Auth.,* 793 F.2d 101 (3d Cir. 1986) (same); *Crilly v. S.E. Penn. Transp. Auth.,* 529 F.2d 1355, 1357 (3d Cir. 1976) (same).

*Id.* at p. 2, n.1. Union's counsel further advised that for the reasons stated in the letter, TMWA's claims against the Union had no basis in law and fact and warned that if TMWA did not withdraw its complaint, the Union would seek sanctions pursuant to Fed.R.Civ.P. 11 (#47, Ex. A). The Union's letter to TMWA, six pages in length, provided detailed legal analyses of this court's lack of subject matter jurisdiction, as well as additional defenses to TMWA's third-party complaint. *Id.*

In response, TMWA's counsel advised that the Union had mischaracterized its third party claims against TMWA, which were for indemnity and contribution pursuant to Fed.R.Civ.P. 14 (#47, Ex. B). TMWA went to state, "Moreover, TMWA agrees with several of the legal arguments raised in your letter. In fact, TMWA presented many of these very arguments to the Court. Unfortunately, the Court has rejected them, which has necessitated the need for TMWA to assert claims against [the Union]." *Id.* TMWA's counsel concluded by requesting that the Union's counsel sign an enclosed acceptance of service on behalf of the Union. *Id.* The Union returned the signed acceptance of service, once again urged TMWA to reconsider its decision to name the Union as a third-party plaintiff, and advised that it intended to file a motion to dismiss and for sanctions (#47, Ex. C).

The Union filed its motion to dismiss and, for the first time in the proceeding, raised the issue of lack of subject matter jurisdiction. The Union's motion paralleled the legal arguments outlined in the March 2007 letter (#31). TMWA did not oppose the motion; instead, it responded that TMWA agreed with the Union that "this Court lacks subject matter jurisdiction over this action because TMWA is a public entity" (#38). However, since the District Court had earlier denied TMWA's motion to dismiss

on other grounds, TMWA felt constrained to seek judgment against the Union in the unlikely event TMWA was found liable to the plaintiff. *Id.* The plaintiff did not oppose the Union's motion and voluntarily agreed to dismiss the action, along with TMWA (#43). On May 7, 2007, this District Court entered its order dismissing this action, "because the parties now agree that this Court lacks subject matter jurisdiction over the instant action" (#44). The Union's motion for sanctions followed.

**II.     Legal Discussion and Analysis**

**A.     Fed.R.Civ.P. 11(c) Sanctions**

Rule 11(c) regulates who may be sanctioned for violations under Rule 11(b), as well as how the sanctions process is initiated. Rule 11(c)(1)(A), the safe harbor provision, provides:

> [A motion for sanctions] shall be served as provided by Rule 5, but shall not be filed with or present to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claims, defense, contentions, allegation, or denial is not withdrawn or appropriately corrected.

The Ninth Circuit strictly construes the safe harbor requirements of Rule 11(c)(1)(A), and considers the rule's specific procedural requirements to be mandatory. *Radcliffe v. Rainbow Constr. Co.,* 254 F.3d 772, 789 (9th Cir. 2001). In *Radcliffe,* the defendants filed their Rule 11 motion along with their motion for summary judgment, and the district court concluded that even though the defendants did not give the twenty-one day advance service to the plaintiff, this was unnecessary. The defendants filed the Rule 11 motion in response to the plaintiff's first amended complaint, and three months had passed between the motion and the court's order concerning sanctions; therefore, the district court ruled that Rule 11's safe harbor provision had been satisfied. In rejecting the district court's application of the safe harbor provision, the court stated:

> This view failed to take proper account of our decision in *Barber v. Miller,* 146 F.3d 707 (9th Cir. 1998). In *Barber*, we held that the procedural requirements of Rule 11(c)(1)(A)'s "safe harbor" are mandatory. (citations omitted). Thus, in *Barber,* we concluded that, although a defendant had given informal warnings to the plaintiffs threatening to seek Rule 11 sanctions, these warnings did not satisfy the strict requirement that a motion be *served* on the opposing party twenty-one days prior to filing. (citations omitted). It is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions. In light of our holding in *Barber,* the fact that the plaintiffs had advance warning that Rainbow objected to their conspiracy allegation did

4

1  |  not cure Rainbow's failure to comply with the strict procedural requirements of Rule 11(c)(1)(A). The district court abused its discretion when it concluded otherwise.

*Id.* at 789.

The facts here present a much closer question than either *Radcliffe* or *Barber,* which the Ninth Circuit has yet to address. In this case, the Union did not send TMWA a file-ready motion for sanctions; however, the Union's six-page March 1, 2007 letter contained a thorough analysis of the facts and law relevant to TMWA's third-party complaint and the Union's. Although not drafted in a motion format with a caption, case title, and lined legal paper, the letter is, in substance, a Rule 11 motion for sanctions. In fact, the letter closely parallels the motion for sanctions which the Union ultimately filed with the court.

Notwithstanding this court's view that the Union substantially complied with the spirit, if not the letter, of Rule 11(c)(1)(A), the current law in this circuit is that strict compliance with the specific requirements of the safe harbor provision is mandatory; therefore, the Union's failure to send TMWA a file-ready motion for sanctions is fatal to its request for relief under that rule.

**B.     Sanctions Pursuant to the Court's Inherent Authority**

The Union also moves for sanctions pursuant to the court's inherent authority. The federal court has inherent power to levy sanctions, including attorney's fees, for "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . ." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766 (1980). In *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46 (1991), the Court reaffirmed the *Roadway* principles and "left no question that a court may levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez,* 239 F.3d 989, 992 (9th Cir. 2001) (citing *Chambers,* 501, U.S. at 45-46, n.10). In *Fink,* the Ninth Circuit made clear that imposition of sanctions under a court's inherent power requires a finding of bad faith or "conduct tantamount to bad faith:"

> Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose. . . . An attorney's

5

> reckless misstatements of law or fact, when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in case in order to gain tactical advantage in another case, are sanctionable under a court's inherent power.

*Id.* at 994.

Turning to the facts in this case, the court does not find that TMWA acted in bad faith. In response to the Union's March 1, 2007 sanction letter, TMWA's counsel mistakenly believed it had no choice but to proceed with a third-party complaint in light of the District Court's order denying its motion to dismiss. TMWA's counsel appeared to focus, not on the unresolved question of subject matter jurisdiction, but on the fact that its attempt to dismiss the case on other grounds had been unsuccessful (#47, Ex.B). After the Union filed its own motion to dismiss, TMWA did not oppose the motion, but instead unequivocally agreed that the entire action ought to be dismissed due to lack of subject matter jurisdiction (#38). Having reviewed the record and considered arguments of counsel at the hearing on this motion, the court finds that although TMWA's counsel acted recklessly in failing to consider seriously the basic issue of lack of subject matter jurisdiction when the Union brought it to TMWA's attention, it did not do so with the intention to harass the Union or to proceed for an improper purpose. Based on the foregoing, the court denies the Union's motion under the court's inherent authority.

### C.   Sanctions Pursuant to 28 U.S.C. § 1927

The District Court is authorized to award attorney's fees and costs pursuant to 28 U.S.C. § 1927, which provides, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." Sanctions are proper under Section 1927 where "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.,* 78 F.3d 431, 436 (9th Cir. 1996) (internal quotations omitted). "[R]ecklessness suffices for § 1927, but bad faith is required for sanctions under the court's inherent power." *Fink v. Gomez,* 239 F.3d 989, 993 (9th Cir. 2001).

In receipt of clear legal authority and the Union's detailed analysis that this court lacked subject matter jurisdiction over both TMWA's claims against the Union and the plaintiff's claims against

TMWA, TMWA nevertheless elected to proceed against the Union. Under these circumstances, TMWA's decision cannot reasonably be construed as ignorance of the law or negligence. Moreover, when the Union filed its motion to dismiss, TMWA implicitly admitted in its response that its decision to file the third-party complaint against the Union was reckless. TMWA advised the court that it concurred with the Union's position that the court lacked jurisdiction and liberally borrowed from the very language of the Union's letter warning TMWA of the fatal jurisdictional flaw in this action. *Compare* TMWA's response to motion to dismiss (#38) with March 1, 2007 letter (#47, Ex. A). If TMWA agreed that this court lacked subject matter jurisdiction, it should not have filed the third-party complaint against the Union. A more prudent course would have been to raise these very issues with the plaintiff or to file a second motion to dismiss. Since the plaintiff stipulated to dismiss his case in the face of the Union's motion to dismiss, it is reasonable to conclude that the plaintiff would have done so earlier had the jurisdictional defect been brought to his attention without involving the Union at all.

The court finds that TMWA knew that the plaintiff could not properly raise his claims against TMWA in federal court, and as a result, that it could not raise its state law claims against the Union either. TMWA has not advanced a legitimate, good faith reason for bringing the Union into this litigation, which required the Union to incur the attorney's fees and costs of defending against TMWA's claims. Based on the foregoing, the court concludes that sanctions are warranted against TMWA pursuant to 28 U.S.C. § 1927.

### III.    Conclusion

The Union's motion for sanctions (#46) is **GRANTED** pursuant to 28 U.S.C. § 1927 in an amount equal to the attorney's fees and costs the Union incurred since March 1, 2007, when the Union notified the TMWA that this court lacked subject matter jurisdiction over this action.

It is ordered that within twenty (20) days, the Union shall file a memorandum of attorney's fees and costs. It shall include a summary of the legal services rendered with a description of each task, the time required for the performance of each task, the cost attributable to each task, the attorney who performed each task, that attorney's hourly rate, and the cost of each task. The Union shall itemize costs attributable the motion for sanctions, and shall also attach an affidavit by the attorney responsible for

7

1. the billings in the case authenticating the information contained in the memorandum attesting that the
2. statement has been reviewed and that the fees and costs charged are reasonable.  TMWA shall then have
3. ten (10) days to file a response to the memorandum of attorney's fees.

    IT IS SO ORDERED.

    DATED:   August 6, 2007.

*/s/ Valerie P. Cooke*
_____
UNITED STATES MAGISTRATE JUDGE